MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven Menchaca, | No. CV 1-08-1492-DCB |
| Plaintiff, | **ORDER** |
| vs. | |
| Warden James Yates, et al., | |
| Defendants. | |

On October 1, 2008, Defendants filed a Notice of Removal (Doc. #1) of Plaintiff Steven Menchaca's Complaint, which had been filed on May 13, 2008, in the Superior Court of Fresno County, California. This case was reassigned to the undersigned judge on November 25, 2008. The Court will dismiss the federal law claim in Plaintiff's Complaint and will remand the state law claims to the Fresno County Superior Court.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

. . . .

## II. Complaint

In his Complaint, Plaintiff Steven Menchaca, who is confined in the Pleasant Valley State Prison (PVSP) in Coalinga, California, sues Defendants PVSP Warden James Yates and Chief Medical Doctor Ignabosa.

Plaintiff alleges that Defendants knew or should have known that PVSP was not safe for human dwelling because inmates have been exposed to and have contracted Valley Fever and there was no medical staff at the prison for ninety days. Plaintiff contends that Defendants failed to transfer Plaintiff to a different prison. Plaintiff also alleges that inmates are exposed to beverages that contain aspartame and Defendants have failed to inform inmates, including Plaintiff, of the effects of aspartame.

Plaintiff contends that Defendants have a duty under California Code of Regulations title 15, sections 3350-3354 and 3300-3303, to provide medical care and treatment and to transfer inmates "who would incur serious medical conditions in unsafe prison envi[ro]nments." Plaintiff alleges that Defendants' breach of their duties constitutes deliberate indifference under the Eighth Amendment and constitutes negligence and an intentional tort under California law.

Plaintiff seeks declaratory or injunctive relief and monetary damages.

## III. Federal Claim

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under 42 U.S.C. § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the

1  constitutional deprivation or that the supervisory official was aware of widespread abuses
2  and, with deliberate indifference to the inmate's constitutional rights, failed to take action to
3  prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir.
4  1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565,
5  568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436
6  U.S. 658, 691-92 (1978).  There is no *respondeat superior* liability under § 1983, and
7  therefore, a defendant's position as the supervisor of persons who allegedly violated
8  Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor,
9  880 F.2d at 1045.

10  Plaintiff has not alleged specific conduct by either Defendant; Plaintiff has proffered
11  only vague and conclusory allegations that Defendants collectively violated his constitutional
12  rights.  This is insufficient.  Therefore, the Court will dismiss Plaintiff's federal claim,
13  without prejudice.

14  Additionally, not every claim by a prisoner that he has received inadequate medical
15  treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a
16  plaintiff must show that the defendants acted with "deliberate indifference to serious medical
17  needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429
18  U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating
19  that failure to treat the condition could result in further significant injury or the unnecessary
20  and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.
21  Jett, 439 F.3d at 1096 (quotations omitted).

22  To act with deliberate indifference, a prison official must both know of and disregard
23  an excessive risk to inmate health; the official must both be aware of facts from which the
24  inference could be drawn that a substantial risk of serious harm exists and he must also draw
25  the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference in the
26  medical context may be shown by a purposeful act or failure to respond to a prisoner's pain
27  or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096.
28  Deliberate indifference may also be shown when a prison official intentionally denies,

1   delays, or interferes with medical treatment or by the way prison doctors respond to the
2   prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

3   Deliberate indifference is a higher standard than negligence or lack of ordinary due
4   care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross
5   negligence will constitute deliberate indifference."  Clement v. California Dep't of
6   Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter
7   Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
8   "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does
9   not amount to deliberate indifference to [a plaintiff's] serious medical needs."  Sanchez v.
10  Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is
11  insufficient to state a claim against prison officials for deliberate indifference.  See Shapley
12  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference
13  must be substantial.  The action must rise to a level of "unnecessary and wanton infliction
14  of pain."  Estelle, 429 U.S. at 105-06.

15  Plaintiff's vague and conclusory allegations do not state a claim of deliberate
16  indifference to his serious medical needs.

17  **IV.    State Law Claims**

18  Because the Court is dismissing Plaintiff's federal claim, only his state law claims
19  remain. "[A] district court has discretion to remand to state court a removed case involving
20  pendent claims upon a proper determination that retaining jurisdiction over the case would
21  be inappropriate."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988).  "[W]hen
22  the federal-law claims have dropped out of the lawsuit in its early stages and only state-law
23  claims remain, the federal court should decline the exercise of jurisdiction by dismissing the
24  case without prejudice."  Id. at 350 (footnote omitted).

25  The Court, in its discretion, concludes that remand of the pendent claims to the state
26  court "best serves the principles of economy, convenience, fairness, and comity which
27  underlie the pendent jurisdiction doctrine."  Id. at 357.  Thus, the Court will remand the
28  pendent state court claims to the Fresno County Superior Court.

**IT IS ORDERED:**

(1)   The federal law claim in Plaintiff's Complaint, filed with the Notice of Removal, is **dismissed without prejudice** for failure to state a claim.

(2)   The Court declines to exercise jurisdiction over the state law claims in Plaintiff's Complaint.

(3)   This matter is **remanded** to the Superior Court of Fresno County, California.

(4)   The Clerk of Court must mail a **certified copy** of this Order to:

> Clerk of the Superior Court
> Superior Court of California, Fresno County
> 1100 Van Ness Avenue
> Fresno, CA 93724-0002

(5)   The Clerk of Court must close this case and enter judgment accordingly.

DATED this 22nd day of January, 2009.

David C. Bury
United States District Judge